1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELSEY BRUST, et al., | **CASE NO. 2:07-CV-01488-FCD-EFB** |
| **Plaintiffs,** | <u>**CLASS ACTION**</u> |
| vs. | **ORDER: (1) PRELIMINARILY APPROVING THE STIPULATED JUDGMENT, (2) AUTHORIZING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND (3) SETTING A SCHEDULE FOR THE FINAL APPROVAL PROCESS** |
| **REGENTS OF THE UNIVERSITY OF CALIFORNIA,** | |
| **Defendant.** | |

The parties have reached a proposed resolution of this case, which is described in the Stipulated Judgment. The Stipulated Judgment was submitted to this Court for its consideration, together with a proposed notice to the class regarding the settlement, and a schedule for final approval of the Stipulated Judgment. The Court has considered the submissions by and presentations of counsel regarding the proposed Stipulated Judgment in light of the requirements of Federal Rule of Civil Procedure 23, which provides procedural guidance on the conduct of the settlement approval process in class actions.

The Court has carefully reviewed all the documents filed by the parties in this action in support of the Stipulated Judgment, as well as other pleadings and documents filed in this action, including the briefs and evidence submitted in connection with the motion for class certification. For the reasons set forth more fully below, the Court now GRANTS preliminary approval of the Stipulated Judgment.

**THE COURT FINDS AND ORDERS AS FOLLOWS:**

1.      All terms and phrases used hereafter in this Preliminary Approval Order shall have the same meanings ascribed to them in the Stipulated Judgment, a copy of which is attached hereto as Exhibit A.

2.      This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation.

**A.      Preliminary Approval of Stipulated Judgment.**

1.      The Court has reviewed and considered the Stipulated Judgment attached as Exhibit A to the Declaration of Monique Olivier, together with all the exhibits thereto.  The Court has also read and considered the Declarations of Monique Olivier, Noreen Farrell, Nancy Sheehan, and Dina Lassow in support of preliminary approval.  The Court finds that the Stipulated Judgment is the result of substantial arm's-length negotiations between the parties.  The significant and comprehensive relief obtained, the thorough mediation process, and the involvement of mediator Michael Dickstein in the settlement process confirm that the negotiations were not collusive.  The proposed Stipulated Judgment provides a substantial increase in the opportunities available for women athletes, maximizes the chances of adding women's teams, provides funds to support the development of UCD female students' athletic abilities, and establishes monitoring of the process for the addition of teams and varsity squad sizes.  For all these reasons, the Court finds that the settlement is fair, reasonable and adequate, and falls within the range of possible approval.

2.      The Court preliminarily finds that the monetary relief of $8,000 to each of the representative Plaintiffs is fair, reasonable, and adequate, and falls within the range of possible approval.

3.      The Court preliminarily finds that the attorneys' fees and costs request of $429,000 in fees and $31,000 in costs (a combined total of $460,000) is reasonable based on a variety of factors, including: the relief obtained for the Class through the settlement, the fact that the amount of fees and costs sought is significantly below Class Counsel's lodestar, the fact that Defendant does not contest the amount sought, and the fact that the parties negotiated all of the settlement terms pertaining to class relief prior to discussions concerning the payment of attorneys' fees and costs.

1

4.     The Court's review of the materials listed above and its familiarity with the case lead it to conclude that the proposed Stipulated Judgment is within the range of possible settlement approval, such that preliminary approval of the Stipulated Judgment is warranted.  For these reasons, the Court finds that the terms of the Settlement Agreement are sufficiently "fair, adequate, and reasonable" viewed as a whole, such that preliminary approval of the settlement is warranted.  *See Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir.1982) ("universally applied standard" is whether the settlement is "fundamentally fair, adequate, and reasonable").

**B.     Approval of Form and Manner of Distributing Class Notice.**

1.     This Court has discretion to determine what notice, if any, should be given.  Fed. R. Civ. P. 23(b)(2); *Molski v. Gleich*, 318 F.3d 937, 947-48 (9th Cir. 2003).  The Court finds that the Notice of Proposed Settlement of Class Action ("Class Notice"), a copy of which is attached hereto as Exhibit B, clearly and concisely informs class members of all the relevant aspects of the litigation, including the binding effect of this Court's decision to approve the settlement after the fairness hearing, the provision regarding payment of attorneys' fees and costs, and the right to and procedure for objecting to the Stipulated Judgment.  The proposed plan for distributing the Class Notice, as described in the Stipulated Judgment, is a reasonable method calculated to reach all members of the Class who would be bound by the Stipulated Judgment.  The Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

2.     The manner of distributing the Class Notice, as described in the Stipulated Judgment, is approved and ordered.

**C.     Procedures for Final Approval**

1.     The Court hereby schedules a Fairness Hearing to determine whether the proposed settlement of the action on the terms and conditions provided in the Stipulated Judgment should be given final approval by the Court and whether the Stipulated Judgment substantially in the form attached hereto as Exhibit A.  The Court may adjourn or continue the Fairness Hearing without further notice to the persons in the Class.  The Fairness Hearing is scheduled for 10:00 a.m. on October 16, 2009 at the

2

United States District Court for the Eastern District of California, 501 "I" Street, Courtroom 2, Sacramento, CA 95814.

2. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this proposed settlement, must submit written objections to the Court and Plaintiffs' Counsel, postmarked no later than September 28, 2009. Class Members may so object either on their own or through an attorney hired at their own expense.

3. Any member of the class who does not timely file and serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any member of the class who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

4. No later than October 9, 2009, the parties shall file a joint Motion for Final Approval of the Settlement.

5. No later than October 9, 2009, Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and include therewith a summary of hours and costs expended. The motion for an award of attorneys' fees and costs shall be heard at the time of the fairness hearing on October 16, 2009.

6. If the Court grants final approval of the settlement after the Fairness Hearing, it shall enter the Stipulated Judgment as an order and judgment of this Court. Pursuant to the terms of the Stipulated Judgment, the Court shall retain jurisdiction over this matter through the 2019/2020 academic year.

**IT IS SO ORDERED**

DATED: August 11, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

James C. Sturdevant, State Bar No. 94551
(jsturdevant@sturdevantlaw.com)
Monique Olivier, State Bar No. 190385
(molivier@sturdevantlaw.com)
Whitney Huston, State Bar No. 234863
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA  94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Debra Smith, State Bar No. 147863
(dsmith@equalrights.org)
Noreen Farrell, State Bar No. 191600
(nfarrell@equalrights.org)
Lisa Leebove, State Bar No. 186705
(lleebove@equalrights.org)
EQUAL RIGHTS ADVOCATES
1663 Mission Street, Suite 250
San Francisco, CA  94103
Telephone: (415) 621-0672
Facsimile: (415) 621-6744

Kristen Galles, State Bar No. 148740
(kgalles@comcast.net)
EQUITY LEGAL
10 Rosecrest Avenue
Alexandria, VA  22301
Telephone: (703) 683-4491

Attorneys for Plaintiffs

PORTER SCOTT
A Professional Corporation
Nancy J. Sheehan, State Bar No. 109419
(nsheehan@porterscott.com)
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 929-1481
Facsimile: (916) 927-3706

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KELSEY BRUST, et al.,** | **CASE NO. 2:07-CV-01488-FCD-EFB** |
| **Plaintiffs,** | **CLASS ACTION** |
| **vs.** | **STIPULATED JUDGMENT AND ORDER** |
| **REGENTS OF THE UNIVERSITY OF CALIFORNIA,** | |
| **Defendant.** | |

1   This Stipulated Judgment is entered into by and between plaintiffs Kelsey Brust ("**Brust**"),

2   Jessica Bulala ("**Bulala**"), and Laura Ludwig ("**Ludwig**") (collectively, "**Plaintiffs**"), individually and

3   as representatives of the Class (as defined below), on the one hand, and The Regents of the University of

4   California ("**Regents**" or "**Defendant**"), on the other, for conduct relating to the University of California at

5   Davis ("**UCD**").

6   **I.      INTRODUCTION**

7   **A.**      On July 24, 2007, Plaintiffs filed a proposed class action complaint against Defendant

8   Regents, and individual defendants UCD Chancellor Larry Vanderhoef and UCD Athletic Director Greg

9   Warzecka (collectively "**Defendants**") in the United States District Court for the Eastern District of

10   California, alleging violations of:  (1) the Equal Athletic Participation Opportunity requirements of Title

11   IX of the Education Amendments of 1972 (20 U.S.C. § 1681 *et seq.*) ("Title IX"); (2) the Fourteenth

12   Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983 ("§ 1983"); (3) the

13   Unruh Civil Rights Act of California state law (Cal. Civ. Code § 51 *et seq.*); and (4) California public

14   policy ("**the Action**").

15   **B.**      On October 26, 2007, Defendants moved to dismiss the Action pursuant to Federal Rules

16   of Civil Procedure, rule 12(b)(6).  On December 12, 2007, the Court granted Defendants' motion in part,

17   dismissing Plaintiffs' § 1983 claim and their state law claims, and dismissing individual defendants

18   Vanderhoef and Warzecka.

19   **C.**      On August 14, 2008, Plaintiffs filed a Motion for Class Certification.  On October 24,

20   2008, the Court entered an Order certifying the following class ("the Class"):

21
22   All present, prospective, and future women students at the University of California at Davis who seek to participate in and/or who are deterred from participating in intercollegiate athletics at the University of California at Davis.

23   Plaintiffs were appointed class representatives and Plaintiffs' Counsel was appointed as Class

24   Counsel.

25   **D.**      The lawsuit has been vigorously prosecuted and defended and has included significant

26   discovery and motion practice.

27   **E.**      On January 30th, and again on February 25th 2009, the Parties held two mediation

28

1

sessions conducted by Michael Dickstein of Dickstein Dispute Resolution.  Following these two mediations sessions, the parties had numerous additional conversations and negotiations regarding settlement, which were also conducted by Michael Dickstein.  At the conclusion of these sessions and conversations, the Parties agreed to settle this Action.

**F.**     Plaintiffs and Plaintiffs' Counsel (as defined below) have agreed to settle this Action, pursuant to the provisions of this Stipulated Judgment, considering, among other things:  (1) the substantial benefits available to Plaintiffs and the Class under the terms of this Stipulated Judgment; (2) the attendant risks and uncertainties of litigation, especially in complex litigation such as this Action as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Stipulated Judgment promptly to provide effective relief to the Class.

**G.**     The fact that the Regents has entered into this Stipulated Judgment is not an admission of liability or an admission that it is not or has not been in compliance with Title IX.  The terms of the settlement apply only to the University of California at Davis and should not be used as precedent for Defendant's other schools or campuses.

**H.**     This matter involves contested issues of fact and liability and there has been no adjudication by the Court of the claims asserted, nor finding of fact made.  The Stipulated Judgment is entered into solely for the purpose of allowing the Court to maintain jurisdiction over the case for the time periods specified herein.

**I.**     The Parties make the promises contained in this Stipulated Judgment for good and valuable consideration, the adequacy of which is hereby acknowledged.

## II.     DEFINITIONS

**A.**     As used in this Stipulated Judgment and the attached Exhibits, which are an integral part of the Stipulated Judgment and are incorporated in their entirety by reference, the following terms have the meanings specified below:

**1.**     "**Action**" means *Kelsey Brust, et al. v. Regents of the University of California, et al.,* Case No. 2:07-CV-01488-FCD-EFB (E.D. Cal.).

**2.**     "**Class**" means:  All present, prospective, and future women students at the

2

University of California at Davis who seek to participate in and/or who are deterred from participating in intercollegiate athletics at the University of California at Davis during the Compliance Period.

3.      "**Class Counsel**" or "**Plaintiffs' Counsel**" means Equal Rights Advocates, The Sturdevant Law Firm, and Equity Legal.

4.      "**Class Member**" means a person who falls within the Class (as defined above).

5.      "**Notice**" means the notice provided to the Class, the proposed form of which is attached hereto as Exhibit A.

6.      "**Compliance Period**" means the period from the Effective Date of this Stipulated Judgment until the termination of this Stipulated Judgment at the end of the 2019-2020 academic year.

7.      "**Defendant**" means The Regents of the University of California ("Regents" or "Defendant").

8.      "**Defendant's Counsel**" means Porter Scott, PC.

9.      "**Enrollment Numbers**" means the total number of full-time undergraduate students enrolled at the University of California at Davis, broken down by gender.

10.      "**Effective Date**" means the date when each and all of the following conditions have occurred:

a.      This Stipulated Judgment has been signed by Plaintiffs, Defendant, Plaintiffs' Counsel, Defendant's Counsel;

b.      The Court has approved notice to the Class and notice has been issued;

c.      The Court has both preliminarily and finally approved the Stipulated Judgment;

d.      The Court has entered the Stipulated Judgment and Order.

11.      "**Equity in Athletics Disclosure Act Report ('EADA Report')"** means the annual report submitted by UCD to the U.S. Department of Education pursuant to its obligations under the Equity in Athletics Disclosure Act of 1994, 20 U.S.C. § 1092.  The EADA Report includes data on enrollment, varsity athletic participation, staffing, and revenues and expenses, broken down by gender.

12.      "**Female Participation Differential**" means:  The difference between the

3

percentage of full-time female undergraduate enrollment and the percentage of female intercollegiate participation opportunities, as based on enrollment and participation numbers set forth in the EADA Report issued in the calendar year in question.

**13.** "**NCAA Division I average squad size**" means the average number of participants on a Division I level squad, broken down by gender, as determined by the statistical information compiled by the NCAA regarding participation in intercollegiate athletics at its member institutions and reported yearly.

**14.** "**Parties**" means and refers to Plaintiffs and Defendant.

**15.** "**Selection Process**" means and refers to the process employed by UCD, upon determination that UCD will add a varsity intercollegiate athletic team, to determine which varsity team to add.  The process includes, but is not limited to:  the creation of a Sports Selection Advisory Committee, the distribution and publication of UCD's intent to add a varsity team and the criteria relating to the addition of a varsity team, the review of applications by the Sports Selection Advisory Committee, and the review of the recommendation of the Sports Selection Advisory Committee by the Title IX Advisory Committee.

**16.** "**Title IX Compliance Officer**" means an employee of UCD who is qualified and appointed to serve as the individual responsible for ensuring compliance with Equal Athletic Participation Opportunity requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX"), which prohibits sex discrimination in educational institutions receiving federal financial assistance.

**17.** "**Title IX Compliance Report**" means the annual report prepared by the Chair of the Title IX Advisory Committee and the annual report prepared by the Title IX Compliance Officer regarding the UCD's compliance with Title IX in regard to athletics.

**III.   SETTLEMENT RELIEF**

**A.   Equitable Relief**

The Parties hereby agree that, conditioned upon entry of the Stipulated Judgment and Order by the District Court, Defendant shall do the following:

4

**1.** **Addition of Women's Varsity Teams**

a.      UCD shall continue implementation of the addition of a women's varsity field hockey team to commence competition in the 2009-2010 academic year.  UCD's support of women's varsity field hockey shall include:

  i      UCD shall provide sufficient funding to the women's varsity field hockey team to ensure recruitment, competition, development, and with the understanding that scholarships are phased in under standard UCD practice with respect to all new varsity teams.  UCD shall ensure equitable treatment of the team as required by law.

  ii      In May, 2009 UCD provided campus-wide notice of open tryouts for the women's field hockey team (including publication in the campus newspaper, posting at club sports office and distribution of notice to field hockey club team).  As a result of these tryouts and recruitment, a roster for the women's field hockey team has been created and the team is scheduled to start competition in August, 2009.

  iii      UCD shall maintain the women's field hockey club team so long as there is continued sufficient student interest.

  iv      This Stipulated Judgment does not give the field hockey club team precedential preferential status in regard to funding or other aspects over other club sports.

b.      Any varsity team added pursuant to, or throughout the duration of, this Stipulated Judgment shall receive UCD support set forth under Section III.A.1.a., specific to the team added.

  i      The Selection Process for the addition of any future varsity team added pursuant to, or throughout the duration of, this Stipulated Judgment shall include, at least, the following steps:  UCD shall

5

notify female undergraduates, including but not limited to those who are participating in club sports, of the opportunity to learn about the Selection Process.

    ii        A student will remain on the Sports Selection Advisory Committee.

    iii       UCD shall advise any individual or team seeking varsity status of the existence of prior applications submitted by that team, if any, for that sport and provide a copy of the prior applications upon request.

    iv       UCD shall provide the criteria to applicants and will follow the provided criteria in selecting a team.

    v        If UCD uses different criteria as the basis for the Selection Process than it is currently using, at any time throughout the duration of this Stipulated Judgment, it shall provide a copy of the changed criteria to Plaintiffs' Counsel.

**2.**    **Squad Sizes of Women's Varsity Teams**

    a.    If any UCD women's varsity team has a squad size which is over 15% of the NCAA Division I average squad size (as reported by the NCAA for the previous year from the year in question), UCD's Title IX Compliance Officer shall investigate the size of that team and include his/her conclusions from the investigation in the Title IX Compliance Report. The Title IX Compliance Report should also include the roster sizes/actual number for any team which is over 15% of the NCAA Division I average squad size.  The Title IX Compliance Officer may consider alternative squad size models in his/her investigation.

    b.    The coaches of women's teams at UCD will not be required to carry a minimum number of participants on a team, aside from NCAA

6

1       requirements.

2    3.      **Female Participation Differential**

3       a.      The Female Participation Differential for the academic year 2009/2010

4               shall be no more than 3.5%, as reflected in the EADA Report issued in the

5               Fall of 2010.

6       b.      The Female Participation Differential for the academic year 2010/2011

7               shall be no more than 2.5% as reflected in the EADA Report issued in the

8               Fall of 2011.  If UCD does not meet this threshold, it shall decide whether

9               to add a new women's varsity team to compete in academic year

10              2013/2014, or for the EADA Report issued in the Fall of 2012 to reflect

11              2.5% Female Participation Differential

12      c.      The Female Participation Differential for the academic year 2013/2014

13              shall be no more than 1.5% as reflected in the EADA Report issued in the

14              Fall of 2014, as long as the percentage of women reflected in the

15              Enrollment Numbers on November 15, 2014 is less than 58%.  If the

16              percentage of undergraduate women enrolled on November 15, 2014 is

17              58% or higher, then the Female Participation Differential shall be no more

18              than 2.0%.  If UCD does not meet either threshold, it shall decide whether

19              to add a new women's varsity team to compete by academic year 2016-

20              2017, or for the EADA Report issued in the Fall of 2015 to reflect a

21              Female Participation Differential of no more than 1.5% or 2%, depending

22              on which threshold, as described above, applies.

23      d.      The Female Participation Differential for the academic year 2016/2017

24              shall be no more than 1.5% as reflected in the EADA Report issued in the

25              Fall of 2017.  If UCD does not meet this threshold, it shall decide whether

26              to add a new women's varsity team to compete by academic year

27              2019/2020 or for the EADA Report issued in the Fall of 2018 to reflect

28

7

1         1.5% Female Participation Differential.

2       e.      Plaintiffs' purpose in agreeing to the time frames set forth in this section is

3            to maximize the potential to add women's participation opportunities.  In

4            the event of any cuts to any men's varsity teams, UCD will not reference

5            this lawsuit, Plaintiffs, or Plaintiffs' Counsel in conjunction with the

6            elimination.

7     **4.**     **Fund to Support Athlete Development**

8       a.      As part of the settlement of the injunctive relief claim, Defendant shall pay

9            $110,000 as a fund ("Fund") to a non-profit organization to be chosen by

10           Plaintiffs.

11       b.      The $110,000 sum shall be paid in care of the chosen non-profit

12           organization within 30 days of the Effective Date.

13       c.      The Fund shall be used solely to support club sports at UCD.  Subject to

14           that limitation, Plaintiffs shall have the sole discretion to determine how

15           the Fund will be expended.  Plaintiffs have exercised that discretion and

16           determined that the Fund will be used for the development of women

17           athletes through the UCD club sports programs.

18       d.      Distribution of monies from the Fund shall be pursuant to a process

19           determined by Plaintiffs in conjunction with the non-profit organization.

20       e.      To the extent there is any administrative fee or other expense associated

21           with the distribution of the Fund, such fee or expense shall be paid out of

22           the Fund.

23       f.      Monies distributed from the Fund are in addition to any monies otherwise

24           allocated to the club sports teams by UCD and may not be used as a basis

25           for denying budget requests or otherwise be determinative of club sports

26           teams budgets.

27     **5.**     **Reporting Requirements**

28

a.  UCD shall report the following information to Plaintiffs' Counsel on the dates set forth below during the Compliance Period:

i  UCD's Title IX Compliance Report annually, by September 1st, through the 2019/2020 academic year.

ii  UCD's full-time Enrollment Numbers as of November 15, 2014, by December 1, 2014.

iii  UCD will inform Plaintiffs' Counsel of which option it chooses under Sections III.3.b., c. and d. above by January 30th of each year specified by this agreement.

iv  A copy of the notification to students that a women's varsity team selection process has begun and the announcement of the result of the process in whatever form is used to publicly announce the same information on campus, at the same time it is disseminated on campus.

v  UCD's EADA reports, annually by December 1st, through the 2019/2020 academic year.

**B.  Monetary Relief**

**1.  Class Representatives**

Within 30 days of the Effective Date, Defendant shall pay the sum of $8,000 to Plaintiff Brust, $8,000 to Plaintiff Bulala, and $8,000 to Plaintiff Ludwig.

**2.  Attorneys' Fees and Expenses**

The Parties have agreed to settle Plaintiffs' claim for reasonable attorneys' fees and costs for the sum of $460,000.  Plaintiffs will seek approval of the fees and costs in this amount through a motion filed with the Court.  Defendant will not oppose the motion for attorneys' fees and costs.  Upon approval by the Court, Defendant shall pay to Plaintiffs' Counsel the sum of $460,000, representing costs and attorneys' fees incurred in the prosecution of this case.  Except as specified herein, the Parties shall bear their own costs and fees.  The attorneys' fees, costs, and expenses provided for under this Section shall

9

1   be paid in lieu of any applicable fee-shifting statute.

2        Attorneys' fees and expenses will be paid by Defendant within 30 days of the Effective Date.

3   **IV.   CLASS NOTICE**

4        UCD shall provide Notice of the proposed settlement to class members via a posting on the

5   portal for the e-mail system used by University students ("MyUCDavis") and through publication in the

6   Davis Enterprise and Aggie newspapers.  UCD shall be responsible for all costs relating to notice.  The

7   Notice shall be substantially similar to the form attached hereto as Exhibit A.  Notice will be effected

8   after the Court's preliminary approval of this Stipulated Judgment at a time mutually agreed upon by the

9   Parties.

10  **V.   PRESS RELEASE**

11       The Parties have issued a joint press release about the settlement, containing mutually agreeable

12  language.

13  **V.   RESOLUTION OF CLAIMS**

14       **A.   Resolution of Claims by the Class**

15       The terms set forth above resolve all of Plaintiffs' class-based claims covered by this Stipulated

16  Judgment.  This Stipulated Judgment resolves all class member claims for injunctive relief based upon

17  the same predicate facts asserted in the Complaint until expiration of the Court's jurisdiction through the

18  end of the academic year 2019-2020.  Class members do not release any individual claims for damages.

19  Such claims shall be dismissed from this case without prejudice.

20       **B.   Releases by the Class Representatives**

21       Plaintiffs Brust, Bulala, and Ludwig shall be deemed to release and shall have released

22  Defendant, Chancellor Vanderhoef and Mr. Warzecka from any and all of Plaintiffs' individual claims

23  for damages and for injunctive or declaratory relief that are the subject of, included within, and/or arise

24  from this lawsuit, including all claims, liabilities, obligations, demands, actions, and claims under Title

25  IX, 42 U.S.C. § 1983 ("§ 1983"), the Unruh Civil Rights Act, and California public policy.  As a

26  condition of settlement Plaintiffs Brust, Bulala and Ludwig shall execute a full release in favor of

27  Defendant, Chancellor Vanderhoef and Mr. Warzecka for all claims referenced above.

28

C.    *Mansourian, et al. v. Regents of the University of California*

Settlement of this action does not, in any way, limit or preclude Plaintiffs in the *Mansourian* action from pursuing any claims for monetary damages they may have against the Regents or any of the individual defendants in the matter of *Mansourian, et al. v. Regents of the University of California*, No. S-03-2591-FCD-EFB (E.D. Cal.).

## VI.    RESOLUTION OF DISPUTES

In the case of any disputes arising out of or related to any alleged failure to perform in accordance with the terms of this Stipulated Judgment, the Parties agree to meet and confer in good faith to resolve any such dispute.  Should a dispute as to any of the terms of the Stipulated Judgment arise, the aggrieved party shall provide the other party notice, and the responding party shall have 30 days to respond before the aggrieved party files any motion with the Court.

## VII.    JURISDICTION

### A.    Continuing Jurisdiction

The Court shall maintain continuing jurisdiction over this lawsuit for the length of the Compliance Period, until the end of academic year 2019-2020, for the purpose of overseeing and enforcing the terms herein.

## VIII.    SCOPE AND ENFORCEABILITY OF THE STIPULATED JUDGMENT

### A.    Modification and Termination

**1.**    The terms and provisions of this Stipulated Judgment may be amended, modified or expanded only by written Stipulated Judgment of the Parties and their respective attorneys.

**2.**    If, for any reason, this Stipulated Judgment fails to become effective, the Parties will be returned to their positions status quo ante with respect to the Action as if this Stipulated Judgment had never been entered into.

**3.**    To the extent that the Court makes immaterial changes to the terms of the Stipulated Judgment and/or related documentation, the Parties shall nonetheless be bound to proceed. To the extent that the Court makes material changes, each of the Parties shall have the right to withdraw from this Stipulated Judgment.  In such event, the Parties will be returned to their positions status quo

1    ante as if this Stipulated Judgment had not been entered into.

2         **B.**     **Authority to Bind**

3         The undersigned each represent and warrants that they are authorized to sign on behalf of, and to

4    bind, Plaintiffs and Defendant, including that this Stipulated Judgment has been approved by the

5    Regents of the University of California.

6         **C.**     **Cooperation**

7         The Parties agree to cooperate and execute any documents or take any action to effectuate this

8    Stipulated Judgment in a timely and expeditious manner.  The Parties agree to cooperate in obtaining

9    Court approval of the Stipulated Judgment and complying with the provisions herein in a timely and

10   expeditious manner.

11        **D.**     **Independent Advice of Counsel**

12        The Parties represent and declare that in executing the Stipulated Judgment they relied solely

13   upon their own judgment, belief and knowledge, and the advice and recommendations of their own

14   independently selected counsel, concerning the nature, extent and duration of their rights and claims,

15   and that they have not been influenced to any extent whatsoever in executing the same by any

16   representations or statements not expressly contained or referred to in the Stipulated Judgment.

17        **E.**     **Sole Consideration**

18        The Parties agree that the consideration recited in the Stipulated Judgment is the sole and only

19   consideration for the Stipulated Judgment and no representations, promises or inducements have been

20   made by the Parties, other than the terms of the Stipulated Judgment.

21        **F.**     **Counterparts**

22        The Stipulated Judgment may be executed in counterparts.  Counterparts may be made by

23   facsimile.  When each Party has signed and delivered at least one such counterpart, each counterpart

24   shall be deemed an original, and each counterpart taken together shall constitute one and the same

25   Stipulated Judgment.  The Stipulated Judgment shall be deemed duly executed, effective, and binding,

26   upon the signing and delivery of the last counterpart by the Parties hereto.

27

28

## SIGNATURES OF THE PARTIES

DATED: __6/29/2009__          _Kelsey Brust_
                              Kelsey Brust

DATED: _____       _____
                              Jessica Bulala

DATED: _____       _____
                              Laura Ludwig

DATED: _____       The Regents of The University of California

                              By: _____

                              Its: _____

## APPROVED AS TO FORM

*ATTORNEYS FOR PLAINTIFFS:*

DATED: _____       EQUAL RIGHTS ADVOCATES

                              By: _____
                                      NOREEN FARRELL

DATED: _____       THE STURDEVANT LAW FIRM
                              A Professional Corporation

                              By: _____
                                      MONIQUE OLIVIER

DATED: _____       EQUITY LEGAL

                              By: _____
                                      KRISTEN GALLES

13

**SIGNATURES OF THE PARTIES**

DATED: _____      _____
                                Kelsey Brust

DATED: _6/29/09_____     _Jessica Bulala_____
                                Jessica Bulala

DATED: _____      _____
                                Laura Ludwig

DATED: _____      The Regents of The University of California


                                By: _____
                                Its: _____


## APPROVED AS TO FORM

*ATTORNEYS FOR PLAINTIFFS:*

DATED: _____      EQUAL RIGHTS ADVOCATES


                                By: _____
                                      NOREEN FARRELL


DATED: _____      THE STURDEVANT LAW FIRM
                                A Professional Corporation


                                By: _____
                                      MONIQUE OLIVIER


DATED: _____      EQUITY LEGAL


                                By: _____
                                      KRISTEN GALLES

                      13

## SIGNATURES OF THE PARTIES

DATED: _____          _____
                                Kelsey Brust

DATED: _____          _____
                                Jessica Bulala

DATED: 6/26/2009                _____
                                Laura Ludwig

DATED: _____          The Regents of The University of California

                                By: _____

                                Its: _____

## APPROVED AS TO FORM

*ATTORNEYS FOR PLAINTIFFS:*

DATED: 6/29/2009                EQUAL RIGHTS ADVOCATES

                                By: _____
                                     NOREEN FARRELL

DATED: 6/30/09                  THE STURDEVANT LAW FIRM
                                A Professional Corporation

                                By: _____
                                     MONIQUE OLIVIER

DATED: 6/29/2009                EQUITY LEGAL

                                By: _____
                                     KRISTEN GALLES

13

1

## SIGNATURES OF THE PARTIES

2

3
DATED: _____

4
_____
Kelsey Brust

5
DATED: _____

6
_____
Jessica Bulala

7
DATED: _____

8
_____
Laura Ludwig

9

10
DATED: 6/29/09 _____
The Regents of The University of California

11

12
By: _____

13
Its: _Principal Litigation Counsel_

14

15
## APPROVED AS TO FORM

16
*ATTORNEYS FOR PLAINTIFFS:*

17
DATED: _____
EQUAL RIGHTS ADVOCATES

18

19
By: _____
        NOREEN FARRELL

20

21
DATED: _____
THE STURDEVANT LAW FIRM
A Professional Corporation

22

23
By: _____
        MONIQUE OLIVIER

24

25
DATED: _____
EQUITY LEGAL

26

27
By: _____
        KRISTEN GALLES

28

13

1

2   *ATTORNEYS FOR DEFENDANT*:

3   DATED: ___6/29/09_____        PORTER SCOTT, P.C.

4

5                                       By: _____

6                                           NANCY SHEEHAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        14

STIPULATED JUDGMENT AND ORDER
CASE NO.  CIV S-03-2591 FCD EFB

## **JUDGMENT AND ORDER**

IT IS SO ADJUDGED AND ORDERED.


DATED: _____         _____
                                        FRANK C. DAMRELL, JR.
                                        UNITED STATES DISTRICT JUDGE

15

**Exhibit A to the**
**Stipulated Judgment and Order**

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO:   *All present, prospective, and future women students at University of California at Davis who seek to participate in and/or who are deterred from participating in intercollegiate athletics at University of California at Davis.*

### THIS NOTICE AFFECTS YOUR RIGHTS.
### PLEASE READ IT CAREFULLY.

A class action settlement, which must be approved by the Court, has been reached in connection with a lawsuit against the Regents of the University of California ("University") alleging that the University of California at Davis ("UCD") has not been providing equal athletic opportunities to females as required by Title IX, a federal anti-discrimination law.

The Court has preliminarily approved the settlement and authorized this Notice. A copy of the Stipulated Judgment, which outlines the terms of the settlement, is available at:  http://www.sturdevantlaw.com/Cases.php?Case=24 and/or www.equalrights.org.  It can also be obtained at the office of the Clerk of the United States District Court in Sacramento, at the address listed below.

As a class member, you may do one of two things: (1) if the settlement is satisfactory, you may do nothing and be bound by the terms and conditions of the settlement; or (2) if you object to the settlement, including the provision regarding attorneys' fees, you may submit written objections to the Court and to counsel for Plaintiffs and the Class ("Class Counsel").  Class Counsel are Equal Rights Advocates, The Sturdevant Law Firm, and Equity Legal.  You may also submit comments in favor of the settlement.  If you wish to object or comment, you must submit your written objections or comments to the Court Clerk and Class Counsel at the following addresses:

| | |
|---|---|
| Clerk of the United States District Court | Brust Settlement |
| Eastern District of California | The Sturdevant Law Firm |
| 501 I Street, Suite 4-200 | 354 Pine Street, 4th Floor |
| Sacramento, CA 95814 | San Francisco, CA  94104 |
| Attention: *Brust v. Regents of the University of California,* Case No. 2:07-CV-01488 | |

Objections or comments must be postmarked or, if not delivered by U.S. mail, file-stamped by the Court by no later than September 29, 2009.  **Do not telephone the Court.**

A hearing before the Honorable Frank C. Damrell, Jr., United States District Judge, on the fairness of this settlement shall be held at the United States District Court, at the above address, on October 16, 2009 at 10:00 a.m.  As a class member, you have the right to attend and be heard at this hearing.  The settlement is not binding on class members until it is finally approved by the Court.

For more information about the settlement, you may contact The Sturdevant Law Firm at (415) 477-2410 or Equal Rights Advocates at (415) 621-0672.

## <u>SUMMARY OF THE PROPOSED SETTLEMENT</u>

The proposed settlement is the result of an agreement reached by all parties to the lawsuit that was filed in 2007 by then UCD students Kelsey Brust, Jessica Bulala and Laura Ludwig on behalf of female students at UCD.  The proposed settlement sets forth terms to help ensure that female students will have an equal opportunity to participate in varsity athletics at UCD, including the steps UCD will take to provide equal varsity opportunities to women at UCD, which may include the addition of women's varsity teams.  The proposed settlement also creates a fund which will support the development of club sports at UCD.

The University has expressly denied and continues to deny all claims of wrongdoing or liability arising out of any of the conduct alleged in the lawsuit.  The Court has not ruled on the merits of Plaintiffs' claims and does not provide herein an opinion on the claims.  Nothing in this Notice is to be construed as an expression of any view or opinion by the Court concerning any of the claims, allegations, denials or defenses in the lawsuit.

## <u>EQUITABLE RELIEF</u>

### *1. Female Participation Differential*

Providing equal opportunity for participation in athletics is measured by reviewing the Female Participation Differential, which is the difference between the percentage of full-time female undergraduate enrollment and the percentage of female intercollegiate participation opportunities.  In other words, if 55% of the students enrolled are female and 50% of the students participating in varsity athletics are female, then the Female Participation Differential would be 5%.

UCD has agreed to take the following steps in order to reduce the Female Participation Differential:

- By the academic year 2009-2010, the Female Participation Differential will be no more than 3.5%.

- By the academic year 2010-2011, the Female Participation Differential will be no more than 2.5%.  If UCD does not meet this threshold, it will either 1) add a new women's varsity team to compete in academic year 2013-2014; or 2) achieve a Female Participation Differential of 2.5% by the academic year 2011-2012.

- By the academic year 2013-2014, the Female Participation Differential will be no more than 1.5%, as long as the percentage of females enrolled at UCD on November 15, 2014 is less than 58% of the total population.  If the percentage of females enrolled is 58%, or higher, than the Female Participation Differential will be no more than 2.0%.  If UCD does not meet this threshold, it will either 1) add a new women's varsity team to compete in academic year 2016-2017; or 2) achieve a Female Participation Differential of 1.5% or 2%, depending on which threshold, as described above, applies by the academic year 2014-2015.

- By the academic year 2016-2017, the Female Participation Differential will be no more than 1.5%.  If UCD does not meet this threshold, it will either 1) add a new

women's varsity team to compete in academic year 2019-2020; or 2) achieve a Female Participation Differential of 1.5% by the academic year 2017-2018.

Plaintiffs' purpose in agreeing to the time frames set forth in this section is to maximize the potential to add women's participation opportunities.

### 2. *Fund to Support Female Athlete Development*

As part of the settlement, the University will pay $110,000 as a fund to a non-profit organization to be chosen by Plaintiffs.  The Fund shall be used solely to support club sports at UCD.  Subject to that limitation, Plaintiffs have the sole discretion to determine how the Fund will be expended.  Plaintiffs have exercised that discretion and determined that the Fund will be used for the development of women athletes through the UCD club sports programs.

Distribution of monies from the Fund will be pursuant to a process determined by Plaintiffs in conjunction with the non-profit organization.  Any administrative fees or costs required to administer the Fund, will be paid out of the fund.  Monies distributed from the Fund are in addition to any monies otherwise allocated to the club sports teams by UCD and may not be used as a basis for denying budget requests or otherwise be determinative of club sports teams budgets.

### 3. *Addition of Women's Varsity Teams*

UCD will continue to implement the addition of a women's varsity field hockey team to commence competition in the 2009-2010 academic year.  UCD will support the addition of field hockey by providing sufficient funding to the women's varsity field hockey team to ensure recruitment, competition, development, and with the understanding that scholarships are phased in under standard UCD practice with respect to all new varsity teams.  UCD will also ensure equitable treatment of the team, as required by law.

UCD will also continue to support a women's field hockey club team, as long as there is continued sufficient student interest.  The field hockey club team will not have preferential status in regard to funding or other aspects over other club sports.

If any female varsity team is added to UCD pursuant to, or during the settlement period, that team will also receive the support described herein for the varsity field hockey team.

### 4. *Selection Process for Addition of Women's Varsity Teams*

If UCD adds any additional female varsity teams pursuant to or during the settlement period, the selection process for choosing the female varsity team to be added will consist of, at least, the following steps:

- UCD shall notify female undergraduates, including but not limited to those who are participating in club sports, of the opportunity to learn about the Selection Process.

- A student will remain on the Sports Selection Advisory Committee.

- UCD shall advise any individual or team seeking varsity status of the existence of prior applications submitted by that team, if any, for that sport, and provide a copy of the prior applications upon request.

- UCD will provide the criteria to applicants and will follow the provided criteria in selecting a team.

- If UCD uses different criteria as the basis for the Selection Process than it is currently using, at any time throughout the duration of the settlement period, it will inform Class Counsel.

### 5. *Squad Sizes of Women's Varsity Teams*

If any UCD women's varsity team has a squad size which is 15% over the NCAA Division I average squad size reported that year for that sport, UCD's Title IX Compliance Officer will investigate the size of that team and report conclusions in his/her annual Title IX Compliance Report.  The Title IX Compliance Officer may consider alternative squad size models in his/her investigation.  UCD will not require any coach to carry a minimum number of participants on a team, aside from NCAA requirements.

## MONITORING OF SETTLEMENT

The Court shall maintain continuing jurisdiction over this lawsuit for the length of the settlement period, which is until the end of academic year 2019-2020, for the purpose of overseeing and enforcing the terms of the settlement.  The parties have agreed that UCD will provide information and reports to Class Counsel as more fully set forth in the Stipulated Judgment.

## INDIVIDUAL DAMAGES AND ATTORNEYS' FEES AND EXPENSES

Subject to Court approval, the Regents will pay $8,000 to Plaintiffs Kelsey Brust, Laura Ludwig and Jessica Bulala.  Subject to Court approval, the University has also agreed to pay reasonable attorney's fees and costs to Class Counsel as part of the settlement. The amount agreed upon is $460,000.

## RELEASES BY THE CLASS

The terms set forth above resolve all of Plaintiffs' class-based claims covered by the Stipulated Judgment.  The Stipulated Judgment resolves all class member claims for injunctive relief based upon the same predicate facts asserted in the Complaint until expiration of the Court's jurisdiction through the end of the academic year 2019-2020.  Class members do not release any individual claims for damages.

Date: _____         The Honorable Frank C. Damrell, Jr.
                                 United States District Court

# EXHIBIT B

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO:   *All present, prospective, and future women students at University of California at Davis who seek to participate in and/or who are deterred from participating in intercollegiate athletics at University of California at Davis.*

### THIS NOTICE AFFECTS YOUR RIGHTS.
### PLEASE READ IT CAREFULLY.

A class action settlement, which must be approved by the Court, has been reached in connection with a lawsuit against the Regents of the University of California ("University") alleging that the University of California at Davis ("UCD") has not been providing equal athletic opportunities to females as required by Title IX, a federal anti-discrimination law.

The Court has preliminarily approved the settlement and authorized this Notice. A copy of the Stipulated Judgment, which outlines the terms of the settlement, is available at:  http://www.sturdevantlaw.com/Cases.php?Case=24 and/or www.equalrights.org.  It can also be obtained at the office of the Clerk of the United States District Court in Sacramento, at the address listed below.

As a class member, you may do one of two things: (1) if the settlement is satisfactory, you may do nothing and be bound by the terms and conditions of the settlement; or (2) if you object to the settlement, including the provision regarding attorneys' fees, you may submit written objections to the Court and to counsel for Plaintiffs and the Class ("Class Counsel").  Class Counsel are Equal Rights Advocates, The Sturdevant Law Firm, and Equity Legal.  You may also submit comments in favor of the settlement.  If you wish to object or comment, you must submit your written objections or comments to the Court Clerk and Class Counsel at the following addresses:

|  |  |
|---|---|
| Clerk of the United States District Court | Brust Settlement |
| Eastern District of California | The Sturdevant Law Firm |
| 501 I Street, Suite 4-200 | 354 Pine Street, 4th Floor |
| Sacramento, CA 95814 | San Francisco, CA  94104 |
| Attention: *Brust v. Regents of the University of California,* Case No. 2:07-CV-01488 | |

Objections or comments must be postmarked or, if not delivered by U.S. mail, file-stamped by the Court by no later than September 29, 2009.  **Do not telephone the Court.**

A hearing before the Honorable Frank C. Damrell, Jr., United States District Judge, on the fairness of this settlement shall be held at the United States District Court, at the above address, on October 16, 2009 at 10:00 a.m.  As a class member, you have the right to attend and be heard at this hearing.  The settlement is not binding on class members until it is finally approved by the Court.

For more information about the settlement, you may contact The Sturdevant Law Firm at (415) 477-2410 or Equal Rights Advocates at (415) 621-0672.

## SUMMARY OF THE PROPOSED SETTLEMENT

The proposed settlement is the result of an agreement reached by all parties to the lawsuit that was filed in 2007 by then UCD students Kelsey Brust, Jessica Bulala and Laura Ludwig on behalf of female students at UCD.  The proposed settlement sets forth terms to help ensure that female students will have an equal opportunity to participate in varsity athletics at UCD, including the steps UCD will take to provide equal varsity opportunities to women at UCD, which may include the addition of women's varsity teams.  The proposed settlement also creates a fund which will support the development of club sports at UCD.

The University has expressly denied and continues to deny all claims of wrongdoing or liability arising out of any of the conduct alleged in the lawsuit.  The Court has not ruled on the merits of Plaintiffs' claims and does not provide herein an opinion on the claims.  Nothing in this Notice is to be construed as an expression of any view or opinion by the Court concerning any of the claims, allegations, denials or defenses in the lawsuit.

## EQUITABLE RELIEF

### 1. *Female Participation Differential*

Providing equal opportunity for participation in athletics is measured by reviewing the Female Participation Differential, which is the difference between the percentage of full-time female undergraduate enrollment and the percentage of female intercollegiate participation opportunities.  In other words, if 55% of the students enrolled are female and 50% of the students participating in varsity athletics are female, then the Female Participation Differential would be 5%.

UCD has agreed to take the following steps in order to reduce the Female Participation Differential:

- By the academic year 2009-2010, the Female Participation Differential will be no more than 3.5%.

- By the academic year 2010-2011, the Female Participation Differential will be no more than 2.5%.  If UCD does not meet this threshold, it will either 1) add a new women's varsity team to compete in academic year 2013-2014; or 2) achieve a Female Participation Differential of 2.5% by the academic year 2011-2012.

- By the academic year 2013-2014, the Female Participation Differential will be no more than 1.5%, as long as the percentage of females enrolled at UCD on November 15, 2014 is less than 58% of the total population.  If the percentage of females enrolled is 58%, or higher, than the Female Participation Differential will be no more than 2.0%.  If UCD does not meet this threshold, it will either 1) add a new women's varsity team to compete in academic year 2016-2017; or 2) achieve a Female Participation Differential of 1.5% or 2%, depending on which threshold, as described above, applies by the academic year 2014-2015.

- By the academic year 2016-2017, the Female Participation Differential will be no more than 1.5%.  If UCD does not meet this threshold, it will either 1) add a new

women's varsity team to compete in academic year 2019-2020; or 2) achieve a Female Participation Differential of 1.5% by the academic year 2017-2018.

Plaintiffs' purpose in agreeing to the time frames set forth in this section is to maximize the potential to add women's participation opportunities.

### 2. Fund to Support Female Athlete Development

As part of the settlement, the University will pay $110,000 as a fund to a non-profit organization to be chosen by Plaintiffs.  The Fund shall be used solely to support club sports at UCD.  Subject to that limitation, Plaintiffs have the sole discretion to determine how the Fund will be expended.  Plaintiffs have exercised that discretion and determined that the Fund will be used for the development of women athletes through the UCD club sports programs.

Distribution of monies from the Fund will be pursuant to a process determined by Plaintiffs in conjunction with the non-profit organization.  Any administrative fees or costs required to administer the Fund, will be paid out of the fund.  Monies distributed from the Fund are in addition to any monies otherwise allocated to the club sports teams by UCD and may not be used as a basis for denying budget requests or otherwise be determinative of club sports teams budgets.

### 3. Addition of Women's Varsity Teams

UCD will continue to implement the addition of a women's varsity field hockey team to commence competition in the 2009-2010 academic year.  UCD will support the addition of field hockey by providing sufficient funding to the women's varsity field hockey team to ensure recruitment, competition, development, and with the understanding that scholarships are phased in under standard UCD practice with respect to all new varsity teams.  UCD will also ensure equitable treatment of the team, as required by law.

UCD will also continue to support a women's field hockey club team, as long as there is continued sufficient student interest.  The field hockey club team will not have preferential status in regard to funding or other aspects over other club sports.

If any female varsity team is added to UCD pursuant to, or during the settlement period, that team will also receive the support described herein for the varsity field hockey team.

### 4. Selection Process for Addition of Women's Varsity Teams

If UCD adds any additional female varsity teams pursuant to or during the settlement period, the selection process for choosing the female varsity team to be added will consist of, at least, the following steps:

- UCD shall notify female undergraduates, including but not limited to those who are participating in club sports, of the opportunity to learn about the Selection Process.

- A student will remain on the Sports Selection Advisory Committee.

- UCD shall advise any individual or team seeking varsity status of the existence of prior applications submitted by that team, if any, for that sport, and provide a copy of the prior applications upon request.

- UCD will provide the criteria to applicants and will follow the provided criteria in selecting a team.

- If UCD uses different criteria as the basis for the Selection Process than it is currently using, at any time throughout the duration of the settlement period, it will inform Class Counsel.

### 5. Squad Sizes of Women's Varsity Teams

If any UCD women's varsity team has a squad size which is 15% over the NCAA Division I average squad size reported that year for that sport, UCD's Title IX Compliance Officer will investigate the size of that team and report conclusions in his/her annual Title IX Compliance Report. The Title IX Compliance Officer may consider alternative squad size models in his/her investigation. UCD will not require any coach to carry a minimum number of participants on a team, aside from NCAA requirements.

## MONITORING OF SETTLEMENT

The Court shall maintain continuing jurisdiction over this lawsuit for the length of the settlement period, which is until the end of academic year 2019-2020, for the purpose of overseeing and enforcing the terms of the settlement. The parties have agreed that UCD will provide information and reports to Class Counsel as more fully set forth in the Stipulated Judgment.

## INDIVIDUAL DAMAGES AND ATTORNEYS' FEES AND EXPENSES

Subject to Court approval, the Regents will pay $8,000 to Plaintiffs Kelsey Brust, Laura Ludwig and Jessica Bulala. Subject to Court approval, the University has also agreed to pay reasonable attorney's fees and costs to Class Counsel as part of the settlement. The amount agreed upon is $460,000.

## RELEASES BY THE CLASS

The terms set forth above resolve all of Plaintiffs' class-based claims covered by the Stipulated Judgment. The Stipulated Judgment resolves all class member claims for injunctive relief based upon the same predicate facts asserted in the Complaint until expiration of the Court's jurisdiction through the end of the academic year 2019-2020. Class members do not release any individual claims for damages.

Date: _____          The Honorable Frank C. Damrell, Jr.
                                United States District Court